Cevelino Capuia
SID No. 16118143
Oregon State Penitentiary
2605 State St.
Salem, Oregon 97310-1346
Plaintiff, *pro se*

FILED 15 JUL '24 10:38 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| CEVELINO CAPUIA, | Civil Action No. 6:24-cv-1155 SI |
| Plaintiff, | **Complaint** |
| v. | **Jury Trial Demanded** |
| MIKE A. REAL in his individual and official capacities, | |
| Defendant. | |

*Introduction*

This is a civil rights action filed by Cevelino Capuia, an adult in custody ("AIC"), for damages and injunctive relief under 42 U.S.C. § 1983, alleging cruel and usual punishment and deliberate indifference in violation of the Eighth Amendment to the United States Constitution, In addition, Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

*Jurisdiction*

1. The Court has jurisdiction over Plaintiff's claims of violation of his federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343.

///

///

Page 1 of 5 – Complaint

*Venue*

2. The District of Oregon is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions give rise to the claims occurred in this district.

*Parties*

3. The plaintiff, Cevelino Capuia ("PLAINTIFF"), during the events described herein was incarcerated at Snake River Correctional Institution ("SRCI") which was owned and operated by the Oregon Department of Corrections ("ODOC"), an agency of the state of Oregon.

4. Defendant Lt. Mike A. Real ("REAL") was at all times described herein employed by ODOC as part of security and was Officer in Charge at SRCI.

5. The defendant has acted, and continues to act, under color of state law at all times relevant to this complaint.

*Facts*

6. Hailey B. Mason ("MASON") was at all times described herein employed by ODOC as a Correctional Officer at SRCI and followed the orders of REAL.

7. On or about September 10, 2023, between 2 p.m. and 3 p.m., PLAINTIFF reported to MASON that the toilet in PLAINTIFF's cell was flooding his cell (number IMA24). MASON told PLAINTIFF that she would come back to address the issue.

8. Brian D. Simpson ("SIMPSON") was at all times described herein employed by ODOC as a Correctional Officer at SRCI and followed the instructions of REAL.

9. Approximately thirty minutes later, MASON returned to PLAINTIFF's cell with SIMPSON. After examining the flooding of PLAINTIFF's cell, they advised PLAINTIFF that he would be moved to a different cell.

10. PLAINTIFF was moved from his cell to a locked handicapped shower adjacent to the cell PLAINTIFF was moved from. PLAINTIFF was locked in the shower for approximately one hour.

11. PLAINTIFF was then moved to a different shower. PLAINTIFF was made to wait in that locked shower for approximately thirty minutes. While waiting, PLAINTIFF was advised his toilet was being fixed.

12. PLAINTIFF was then moved back into cell IMA14 by MASON and SIMPSON.

13. Immediately upon PLAINTIFF's return to IMA24 he found raw sewage flooding into the cell. PLAINTIFF immediately notified MASON and SIMPSON who advised PLAINTIFF the pipe in the back-utility chase had burst and that the plumbers were working on the issue.

14. As PLAINTIFF's cell continued to flood he did his best to clean up the mess with the limited supplies given to him by MASON and SIMPSON. The limitation on cleaning supplies was at the direction of REAL.

15. Approximately two and half hours later the plumbing issue was finally resolved so that PLAINTIFF's cell no longer continued to flood.

16. PLAINTIFF asked MASON if a hazardous materials crew could come to disinfect his cell. MASON told PLAINTIFF she would make that request for him. MASON subsequently told PLAINTIFF the request was denied by REAL.

17. A few hours later PLAINTIFF was moved out of his cell so it could be cleaned. He was told he could take his MP3 player with him. PLAINTIFF was placed in a holding cell that did not have a toilet. PLAINTIFF was left in the holding cell for approximately two hours. Around 9pm PLAINTIFF was moved out of the holding cell. PLAINTIFF asked for a shower because he was

Page 3 of 5 – Complaint

unclean from his earlier exposure to raw sewage. PLAINTIFF was told he had to talk to his housing unit officers. MASON and SIMPSON allowed PLAINTIFF to shower.

18. At all times described above, alternate suitable housing that was sanitary was available to house PLAINTIFF. REAL choose to not transfer PLAINTIFF to that alternate housing. REAL was aware that by not moving PLAINTIFF, REAL was unnecessarily exposing PLAINTIFF to raw sewage.

19. Because of PLAINTIFF's exposure to sewage as described above, PLAINTIFF has suffered numerous skin infections and digestive ailments—including vomit containing blood.

*Exhaustion of Administrative Remedies*

20. PLAINTIFF has exhausted his administrative remedies with respect to all claims and all defendants.

*Claims for Relief*

21. Defendant REAL violated PLAINTIFF's right under the Eighth Amendment to not be subjected to cruel and unusual punishment.

*Relief Requested*

**Wherefore**, PLAINTIFF respectfully prays that this Court:

A. Issue a declaratory judgment stating that:

1. Defendant's actions and inactions violated PLAINTIFF's rights under the Eighth Amendment of the United States Constitution to be free from cruel and usual punishment.

B. Award compensatory damages[1] in the following amounts:

---

[1] The requested compensatory award is against Defendant in his individual (not official) capacity.

Page 4 of 5 – Complaint

1. $500,000.00 against REAL for the economic losses and emotional injury resulting from his acts and omissions that violated PLAINTIFF's right under the Eighth Amendment to be free from cruel and unusual punishment.

C. Award punitive damages[2] in the following amounts:

1. $1,500,000.00 each against defendant REAL.

D. Grant such other relief as it may appear PLAINTIFF is entitled.

DATED June 20, 2024.

Respectfully Submitted,

*[signature]*
Cevelino Capuia
SID No. 16118143
Oregon State Penitentiary
2605 State St.
Salem, Oregon 97310-1346
Plaintiff, *pro se*


**Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**
Executed on June 20, 2024.

*[signature]*
Cevelino Capuia
Plaintiff, *pro se*

---

[2] The requested punitive award is against Defendant in his individual (not official) capacity.

Page 5 of 5 – Complaint